United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2006**

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 05-41162
Summary Calendar
_____

GERALD BARNES,

Plaintiff-Appellant,

VERSUS

DAVID SIMMONS; TYLER INDEPENDENT SCHOOL DISTRICT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
m 6:04-CV-193

_____

Before SMITH, GARZA, and PRADO,
    Circuit Judges.

PER CURIAM[*]:

    Gerald Barnes challenges the exclusion of evidence from the trial of his civil rights suit. For the following reasons, we affirm.

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

I.

    Barnes sued Tyler Independent School District ("TISD") and its superintendent, David Simmons, after Barnes was demoted from Assistant Superintendent to Supervisor of Transportation. According to TISD, Barnes's demotion was part of a district-wide plan to restructure the administration to promote efficiency and reduce expenses.

    Summary judgment whittled Barnes's suit down to one claim against TISD of employment racial discrimination under title VII of

the Civil Rights Act of 1964. At a pre-trial hearing, the court excluded, as irrelevant, one of Barnes's exhibits, a copy of the standing 1970 federal desegregation order issued against TISD. The jury found in favor of TISD.

On appeal, Barnes challenges only the exclusion of the 1970 order. The order imposed a number of procedural hiring requirements on TISD in an effort to ensure equal treatment of minority employees during the integration of the dual school system that had existed under segregation. Barnes argues that because TISD's decision to demote him did not comply with the terms of the order, the order should be admitted as evidence relevant to whether his demotion was motivated by discrimination.

## II.

We review evidentiary rulings only for abuse of discretion. *Johnson v. Ford Motor Co.*, 988 F.2d 573, 578 (5th Cir.1993). "The trial court's discretion to admit or exclude evidence is generally broad, but competent evidence cannot be excluded without a sound and acceptable reason." *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 370 (5th Cir. 2000). We will reverse an evidentiary ruling only after finding that the substantial rights of a party were affected. *Id.*

## III.

Rule 401 of the Federal Rules of Evidence permits the introduction of evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Evidence that does not meet this description is inadmissible. FED R. EVID. 402. Evidence is inadmissible when its relevance "is substantially outweighed by the danger of unfair prejudice, confusion of issues, or mis-

leading the jury . . . ." FED R. EVID. 403.

Barnes contends that the 1970 order was relevant to whether TISD intended to discriminate against him on the basis of his race when it demoted him. Such intentional discrimination is a required element of Barnes's title VII claim. *See* 42 U.S.C. § 2000e-2. The argument for the order's relevance is that showing a knowing violation of the order by TISD would tend to make it more likely that discriminatory intent existed. Barnes's challenge fails for three reasons.

First, it is inaccurate to assume that a hiring decision that does not abide by the terms of the 1970 order is more likely to be discriminatory than is any other hiring decision. Even if TISD's decision to demote Barnes was legally governed by the order, the order prescribes merely one method of making non-discriminatory hiring decisions and is by no means the only non-discriminatory way for the school district to make those decisions. TISD's decision to demote Barnes satisfies title VII if it was non-discriminatory, and whether the demotion complies with the 1970 order is irrelevant to that question.

Second, even if we assume that TISD's intentionally ignoring a desegregation order governing its decisions would be evidence of discriminatory intent, there remains a question whether the 1970 order actually covered TISD's decision to demote Barnes. If the order placed no obligations on TISD in regard to Barnes, the text of the order is irrelevant to this case.

TISD claims that the order only governs employment decisions related to desegregation, and Barnes's demotion had nothing to do with desegregation. There is broad support for the proposition that desegregation orders

such as the 1970 TISD order apply only in the desegregation context and not to a school district's everyday employment decisions.[1] Thus it is debatable whether TISD officials had any reason to consider the 1970 order before demoting Barnes.

It is not for us to decide here whether TISD was required to follow the 1970 order when it demoted Barnes. The burden was on Barnes to show the district court why his proffered exhibit was relevant to a material issue.

Barnes could have tried to lay a predicate for his exhibit by establishing that TISD was legally obligated by the order when it made the demotion decision, but he failed to do so. Thus even accepting Barnes's relevance theorySS that TISD's failure to follow the terms of a legally binding desegregation order when demoting him would be evidence of discrimination against himSSthe challenge to the exclusion of the order fails, because Barnes has not established that the order applied to the demotion decision.

Finally, introducing the 1970 order into evidence would have created a danger of confusing the issues and misleading the jury, as warned against by rule 403. The school district was not on trial for violating the 1970 order; it was accused only of discriminating against Barnes in violation of title VII.

Barnes's admitted strategy was to link violations of the order to discrimination in the jurors' minds. Allowing him essentially to try TISD for a violation of the 1970 order in the context of a title VII case would plainly have risked confusing the issues and misleading the jury as to the standard of liability.

Because the 1970 order arguably did not speak to any material issue in the case, arguably did not place any legal obligations on TISD in regard to Barnes, and was arguably more confusing than probative, the district court acted well within its broad discretion when it excluded the 1970 order. The judgment is AFFIRMED.

---

[1] *See, e.g.*, *Lee v. Russell County Bd. of Educ.*, 563 F.2d 1159, 1161 (5th Cir. 1977) (declaring that the state-wide desegregation criteria announced in *Singleton v. Jackson Mun. Separate Sch. Dist.*, 419 F.2d 1211 (5th Cir. 1970), apply only to "demotions or dismissals caused by desegregation" rather than to all employment decisions the school district makes. The desegregation plan announced in *Singleton* was nearly identical to that prescribed in the 1970 TISD order.